UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | Criminal Case No.1:08-CR-0112 |
| v. : | Sentencing: September 12, 2008 |
| MOHAMED TAYSSIR AZOUZ, : | |
| Defendant. : | |

## DEFENDANT'S
## MEMORANDUM IN AID OF SENTENCING

The defendant, Mohamed Tayssir Azouz, through undersigned counsel, respectfully submits to the Court the following memorandum in aid of sentencing. In short, in light of Mr. Azouz' lack of criminal history, the need for restitution, his youthful age, his early plea of guilty, his acceptance of responsibility, his remorse, and the fact that he is now a convicted felon, we respectfully submit that a sentence of probation is appropriate to meet all the goals of sentencing.

## INTRODUCTION

Tayssir Azouz stands before the Court for sentencing, having entered a plea of guilty to count two of a two count Information charging First Degree Theft in violation of the District of Columbia Code. He brings with him an immeasurable amount of remorse, humiliation and despair for his conduct in this case. To those who know Mr. Azouz it is inconceivable that he would stand accused of crimes involving theft or dishonesty.

We respectfully submit that Mr. Azouz' conduct in this case is inconsistent and inappoite to the type of person that he truly is, and that the nature of the charge is not a true reflection of the values and morals of this young man. Nonetheless, Mr. Azouz' actions in this case were wrong and unjustifiable. In pleading guilty, Mr. Azouz has taken full responsibility for his actions and stands prepared to accept the consequences of his mistakes.

## THE PRESENTENCE REPORT

Mr. Azouz and counsel have reviewed the presentence report prepared by United States Probation Officer Michael Penders. We find the report to be fair and accurate, and offer no objections to the content of the report. Mr. Penders presents a 22 year old first offender, who moved to the United States with his parents when they were assigned to the Tunisian embassy.

Mr. Penders also provides the advisory guidelines from Superior Court as well as the advisory federal sentencing guidelines. The voluntary guidelines in Superior Court, were this case to be sentenced in Superior Court would provide a range of 8 to 24 months. This range, however, is at best, misleading because the range into which Mr. Azouz falls is one of only six boxes on the sentencing grid making probation permissible under the Superior Court guidelines and is a range, unlike that in federal court, which allows for "probation, incarceration or a short split sentence."

The United States Sentencing Guidelines, were they to apply, would yield a range of from 0 to 6 months. (Mr. Penders indicates that, under the impact of the plea agreement, the guideline range would be 4 to 10 months. That is correct if Mr. Azouz had been convicted of Wire Fraud. But he entered a plea to Theft and the guidelines provide for a base offence level lower for theft, the crime of conviction.)

In short, under either of the guideline schemes, Mr. Azouz would have been eligible for probation if the guidelines were mandatory. And, while not mandatory, the guidelines provide guidance as to the presumptive sentence the Sentencing Commission believes appropriate for this crime and this offender.

## PERSONAL BACKGROUND OF TAYSSIR AZOUZ

Tayssir Azouz was born on August 1, 1986 in Tunis, Tunisia. He is the oldest of three children born to his parents, both of whom are employed by the Tunisian Diplomatic Service. His father, a diplomat, has been required to live in many countries. While this has had its excitement for Tayssir and allowed him to become fluent in six languages, it has often been disruptive and made it difficult to nourish meaningful relationships with peers.

As mentioned earlier, Tayssir moved to the United States when his parents were stationed here with the Tunisian embassy. While in the United States he attained, in 2004, a Baccalaureat in Economics and Social Sciences from the French International School. He then enrolled in the George Washington University and completed his freshman and sophomore years.

Mr. Azouz' parents encouraged him to do well in school and be respectful of others. His parents provided him with a stable home, proper guidance, direction and core values. They also instilled a work ethic in him. Even while a student at the French International School he worked as a counselor and teacher for a French immersion program and continued to work in the same capacity after starting college.

When Tayssir's parents were called to another station and left the United States, he was left behind to finish college. Unfortunately, once his parents were no longer at the embassy, he

was left without the financial aid the embassy provides to children of diplomats. He answered an ad for employment at the World Service Authority, and through this employment he committed the crimes charged in the information.

Currently Mr. Azouz is "out of status" as his Diplomatic A-1 Visa has expired. With the pending criminal charge he is unable to leave the country and has taken the only employment available, a non-paying job as a waiter, living off tips.

## **THE OFFENSE CONDUCT**

The offense conduct is presented in the presentence report. And while we do not simply wish to repeat the information already provided to the Court, we do wish to elaborate on the mental state of Mr. Azouz and the difficulties in his life which led him to commit this crime.

When Mr. Azouz' parents left the country, the Tunisian Embassy, which had been paying Tayssir's tuition at what has recently become the most expensive college in the country, stopped all financial aid. Halfway through his college education he found himself on the verge of being tossed from school. His parents are not wealthy, certainly not wealthy enough to finance the full cost of George Washington. Desperate, Tayssir devised a scheme to supplement the money he received from his parents and stay in college.

Mr. Azouz now realizes how stupid his idea was. He had grappled with the moral implications while engaged in the criminal conduct and now is distraught, not only at the brutally severe lifetime consequences of his actions, but at the feelings of worthlessness and humiliation for having committed a crime of theft.

4

## **ARGUMENT**

In determining Mr. Azouz' sentence, this Court would normally be directed to consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence imposed to (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (2) "afford adequate deterrence to criminal conduct" and (3) "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(a)(2)(C). And, the Court would have been directed to start its ultimate determination of the appropriate sentence by computing the appropriate guideline range. However, since Mr. Azouz' crime of conviction is a DC Code offense such an analysis is not required. We nonetheless believe that guidance is provided by such an analysis and offer that such an analysis would support a sentence of probation.

In considering the "nature and circumstances of the offense" under Section 3553(a)(1), we urge the court to recognize the offense for what it truly was. It was wrong. It was illegal. But, it was the result of a young, immature man, left in the United States to fend for himself and who sought to support his college tuition by taking from his employer. Nothing about the nature of the offense indicates a need for incarceration.

The history and characteristics of this young man, as outlined above, also mitigate in favor of a sentence of probation. Aside from this crime he has led a life of work, study and devotion to family.

Mr. Azouz' history of employment (given his age), lack of criminal history, along with the fact that he admitted his guilt early on, and will suffer the consequences of being a convicted felon, are all sufficient punishment to reflect the seriousness of his involvement in this offense

and to promote respect for the law. We respectfully submit that a period of incarceration is not necessary for this goal.

We submit the same factors listed above to promote respect for the law and to provide just punishment also afford adequate deterrence to criminal conduct. Clearly Mr. Azouz has been deterred. The shame and humiliation he feels, even if there were no other consequences, would serve to deter him. A felony conviction, the civil liberties one loses after a felony conviction and overall public humiliation are enough, given the facts of this case, to deter criminal conduct by others.

We likewise respectfully submit that there is no need for a period of incarceration in this case to protect the public from future crimes by Mr. Azouz. Mr. Azouz' arrest and his involvement in the criminal justice system, along with the conviction and attendant consequences, is more than sufficient to ensure that he will never again make a bad decision with respect to any illegal conduct. This has been a hard learned lesson for such a young man. The public needs no protection from him. Since his arrest, he has cooperated with the government in every aspect and been truthful with government agents and the Probation Office.

## CONCLUSION

The advisory sentencing guideline range in this case, if the guidelines were to apply, would be 0 to 6 months, based on a criminal history I, with an offense level of 8. The advisory only guidelines in Superior Court, were this case to be sentenced there, are not as specific as the Federal Sentencing Guidelines. However, Mr. Azouz would fall into the lowest category available, which allows for "prison, a short split sentence, or probation."

Considering all the factors of 18 U.S.C. § 3553(a), as outlined herein, along with the remorse and humiliation that Mr. Azouz feels for his conduct in this case, as well as the fact that the advisory guidelines of both federal and local court allow for probation, we respectfully pray that the Court sentence him to a term of probation. Since Mr. Azouz is an out of status alien, ICE will most certainly move to deport him. We pray that the Court place him on probation and allow him 60 days in which to self deport. Otherwise he will be on probation and unable to leave the country, will be taken into custody and be jailed for months awaiting deportation. With self deportation he can simply leave, relocate and in time make restitution, which must be ordered by the Court.

Mr. Azouz, after serving whatever sentence the Court imposes, plans to move to Spain and enroll in a translation/interpretation program in Barcelona at the Pompeu-Fabreu. This is a two year program which will allow him to use the vast knowledge of different languages he already possesses to earn a respectful living and save enough to return to and finish college.

We submit that a sentence which does not require a period of incarceration is, given all the circumstances of this case, given this crime and this offender, not only fair and just, but also reasonable.

Respectfully submitted,

_____/s/_____
G. ALLEN DALE  954537
601 Pennsylvania Avenue, N.W.
Suite 900 - North Building
Washington, D.C.  20004
Telephone:  (202) 638-2900
Facsimile:  (202) 783-1654
gallendale@aol.com